IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAN GABLE, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:18-CV-1545-M-BH |
| | § | |
| RANDY MEEKS, et al., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Defendants' Motion to Dismiss*, filed September 18, 2018 (doc. 18). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and the plaintiff's remaining claims against the unnamed defendants should be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

### I. BACKGROUND

On June 14, 2018, Dan Gable (Plaintiff) filed this *pro se* lawsuit against Hunt County (County), Sheriff Randy Meeks (Sheriff), Deputies "S. Green" and Clinton Landrith (Deputies), Constable Terry Jones (Constable) (collectively, Defendants), and Does 1-8. (doc. 3.)[2] He sues all of the individual defendants in their official capacities only. (doc. 17 at 1.)[3] He asserts claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution, and state law claims for false imprisonment, intentional infliction

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Although Plaintiff does not specifically identify the County as a party, he asserts claims directly against it in his pleadings. (*See* docs. 3 at 3-6; 17 at 6-8.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of emotional distress, invasion of privacy, malicious criminal prosecution, malicious civil prosecution, negligent employment practices, and tortious interference. (*Id*. at 6-8.) He seeks compensatory damages, exemplary damages, injunctive relief, and attorney's fees under 42 U.S.C. § 1988. (*Id*. at 1, 8-9.)

On June 18, 2016, Deputy Green was present as Plaintiff observed tenants moving out of his rental property. (*Id*. at 3.) Plaintiff requested that Deputy Green "do a civil standby while Plaintiff inspected the house for damage." (*Id*.) The tenants were still present at the time and were almost finished loading their moving truck. (*Id*.) Deputy Green "declined to do the civil standby and advised Plaintiff" to wait until the tenants left the property. (*Id*.) Plaintiff agreed but advised that "he reserved the legal right" and intended to enter into and inspect the property "and assert a landlord's lien on any [non-exempt] property that possibly may [have] be[en] remaining" once the tenants left the premises. (*Id*.) Deputy Green warned Plaintiff that he would be arrested if he removed any items from the rental property. (*Id*.) Plaintiff asked Deputy Green to contact Sheriff to find out if Plaintiff's understanding of the law was correct. (*Id*.) Deputy Green contacted Constable, "who instructed him that entering the house and removing any item would be theft." (*Id*.) Plaintiff then asked Deputy Green to contact a different constable that had previously advised Plaintiff on the law under the Texas Property Code. (*Id*. at 3-4.) He also asked Deputy Green to contact his supervisor and Sheriff because the Sheriff's Office "had been previously made aware of the Texas Property Code [l]aw in question . . . ." (*Id*. at 4.) Deputy Green told Plaintiff that he was not going to wake Sheriff up. (*Id*.)

Plaintiff attempted to confirm if any of his keys matched the existing locks of the rental house, and Deputy Green "continued to harass" Plaintiff and warn him that he would be arrested if

2

he entered the rental property. (*Id*.) Plaintiff "continued to request that [Deputy] Green contact a higher authority to ascertain an understanding of the law." (*Id*.) Deputy Green advised Plaintiff that his supervisor was on the way. (*Id*.) Deputy Landrith arrived, and "without further notice or discussion," Deputy Green arrested Plaintiff even though he had not entered the rental property or unlocked any doors. (*Id*.) Plaintiff asserts that Defendants "acted with malice or reckless disregard for [his] [c]onstitutional [r]ights and with reckless disregard to well established Texas [l]aw. And with prior knowledge that Plaintiff was the [o]wner of the house and property." (*Id*.) "The wrongful arrest resulted in Defendants['] malicious and reckless interference with [Plaintiff's] legal right to execute a legal Landlord's Lien under the Texas Property Code Title 5 Chapter 54 Subchapter C . . . ." (*Id*.) He maintains that he was unlawfully imprisoned and Deputy Green "failed to inform [him] of any legal reason or violation of any law he was being arrested for." (*Id*.)

While in custody at the Hunt County Sheriff's Office, Does 2-8 "willfully, recklessly, and with malice and indifference to the protected rights of Plaintiff . . . punitively engaged in certain actions while Plaintiff . . . was in their custody and imprisoned without due process," and they compounded his wrongful arrest by continuing to violate his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (*Id*. at 4-5.) Doe 2, identified as an intake officer with the Hunt County Sheriff's Office, questioned Plaintiff upon his arrival. (*Id*. at 5.) After "lengthy questioning, Plaintiff . . . felt increasingly uncomfortable as questions became personally intrusive," and he refused to answer any more questions after invoking his right to remain silent. (*Id*.) Doe 2 then told Plaintiff that he was going to answer his questions and Plaintiff "demanded to talk with a superior officer, insisted on his right to contact his attorney, insisted that he was wrongfully arrested[,] and invoked his right to remain silent . . . ." (*Id*.) He was then "harassed, punished, embarrassed,

3

demeaned, deprived of rights[,] and infl[i]cted with bodily harm" when he was deprived of calling his attorney; stripped of clothing and given only a padded top but no pants; handcuffed at his wrists and ankles and "hog-tied" with his wrist cuffs and ankle cuffs connected; instructed to follow officers while restrained; placed in a small padded cell in solitude; left in a position where he could not call for help in the event of an emergency; left restrained such that a lower back condition was aggravated and his forearms became numb for months; and not timely released after arraignment and bond was posted. (*Id*. at 5-6.) Plaintiff "has reason to believe this was in violation of Sheriff Office policy." (*Id*. at 6.)

Plaintiff claims that he "suffered physical harm, physical discomfort, [and] bodily injury as a direct result of the excessive force and punitive actions of the Defendants." (*Id*.) He contends that because of his wrongful arrest, Sheriff, Deputies, Constable, and Does 1-8 "unlawfully and tort[i]ously interfered with a lawful landlord tenant contractual relationship and remedies as allowed by the Texas Property Code . . . resulting in personal injury, financial harm[,] and emotional and mental distress . . . ." (*Id*.) Plaintiff was charged with burglary of habitation, but his criminal charges were dismissed. (*Id*.) He maintains that he was not aggressive, violent, or disorderly in any way that would "justify the willful, malic[ious,] and punitive actions taken by the Defendants against [him]." (*Id*.)

On September 18, 2018, Defendants moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. (doc. 18.) Plaintiff did not respond, and the motion is now ripe for recommendation.

## II. ANALYSIS

Defendants move to dismiss all of Plaintiff's claims for failure to state a claim upon which

4

relief may be granted under Fed. R. Civ. P. 12(b)(6). (doc. 18 at 8, 10-11.)[4]

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is

---

[4] Defendants also state that they seek dismissal pursuant to Rule 12(b)(1). (doc. 18 at 8.) Their grounds for dismissal arise only under Rule 12(b)(6), however, and they only specifically discuss Rule 12(b)(6) in their motion. (*See id.* at 10-11.)

5

plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

A.  **42 U.S.C. § 1983**

Defendants argue that Plaintiff's § 1983 claims against the County and the individual Defendants in their official capacities should be dismissed because he has failed to identify a policy or custom. (doc. 18 at 18-20.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id*. To state a claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff's official capacity claims against the individual Defendants are merely another way of pleading this action against their employer, the County. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Graham*, 473 U.S. at 165). Municipalities, including counties and cities, may be held

liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

Here, Plaintiff contends that the alleged acts that occurred at the jail were "in violation of Sheriff Office policy." (doc. 17 at 5-6.) He does not identify a specific policy that was officially adopted and promulgated by the County's lawmaking officials, or allege any persistent or widespread practice that caused his alleged injuries. (*See id.*) Rather, he relies on the individual Defendants' actions and argues that they were acting within the scope of their employment when they allegedly violated his constitutional rights. (*Id.* at 6-7.) Because Plaintiff appears to rely on *respondeat superior* and has not sufficiently alleged an official policy or custom, he fails to state a viable § 1983 claim against the County, and his claims against it and the individual Defendants in

7

their official capacities should be dismissed. *See Thomas v. State*, 294 F. Supp. 3d 576, 608–09 (N.D. Tex. 2018) (determining that § 1983 claims against a county should be dismissed for failure to sufficiently allege a policy or custom); *Beavers v. Brown*, No. 3:13-CV-1395-B, 2013 WL 6231542, at *3 (N.D. Tex. Dec. 2, 2013) (finding that claims against county employees in their official capacities should be dismissed where the plaintiff failed to state a claim for municipal liability).[5]

### B. State Law Claims

Defendants also move to dismiss Plaintiff's state law claims for failure to state a claim. (doc. 18 at 11-18.)

#### 1. Supplemental Jurisdiction

Under § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

---

[5] Plaintiff appears to seek attorney's fees under § 1988. (doc. 17 at 1-2, 5, 7.) Because he is proceeding *pro se*, however, he may not recover attorney's fees. *See Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney *pro se* litigant.") (citing *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990)); *Vaksman v. C.I.R.*, 54 F. App'x 592 (5th Cir. 2002) ("As a *pro se* litigant, [the petitioner] is not entitled to attorney['s] fees because, quite simply, he did not actually 'pay' or 'incur' attorney['s] fees."). In any event, he is not entitled to attorney's fees because he has failed to plead a viable cause of action under § 1983. *See Everhart v. CitiMortgage, Inc.*, No. H-12-1338, 2013 WL 264436, at *10 (S.D. Tex. Jan. 22, 2013); *Avila v. Mortg. Elec. Registration Sys., Inc.*, No. 4:12-CV-830, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012). Accordingly, Plaintiff is not entitled to attorney's fees under § 1988.

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims. His state law claims arise from the same "common nucleus of operative facts" as his federal claims, namely, Defendants' alleged acts during and after his arrest. (*See* doc. 17.) Requiring Plaintiff to litigate his claims in state court would "necessarily require consideration by two distinct courts of the same operative fact[s]" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. Given Plaintiff's failure to state a claim for relief against Defendants in federal court, or otherwise show that a genuine controversy exists between the parties, allowing him to file suit in state court would impose unnecessary expenses on the court system and the parties involved. *See McCall v. Peters*, No. CIV.A. 3:00-CV-2247-D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd*, 108 F. App'x 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent

9

adjudicating the case). Because all three factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims, the Court should exercise supplemental jurisdiction and review the claims on the merits.

### 2. Texas Tort Claims Act (TTCA)

Defendants move to dismiss all of Plaintiff's state law tort claims under the TTCA. (doc. 18 at 11-18.)[6]

The TTCA "provides a limited waiver of sovereign and governmental immunity for certain tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Dorward v. Ramirez*, No. 3:09-CV-0018-D, 2009 WL 2777880, at *13 (N.D. Tex. Aug. 28, 2009) (quoting *Tex. Dep't of Crim. J. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). "A county . . . as a political subdivision of the State, falls within the parameters of the TTCA. *Harris Cty., TX v. Cabazos*, 177 S.W.3d 105, 109 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B)). This "waiver of immunity constitutes the 'only . . . avenue for common-law recovery against the government' on a tort theory." *Id.* (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)).

#### a. *Intentional Torts*

Defendants argue that all of Plaintiff's intentional tort claims should be dismissed because there is no waiver of governmental immunity for intentional tort claims. (doc. 18 at 18.)

---

[6] Because Plaintiff sues the individual Defendants in their official capacities only, his state law claims against them are merely another way of asserting those claims against their employer, the County. *Franka v. Velasquez*, 332 S.W.3d 367, 382 n.68 (Tex. 2011) (finding that "a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent.'"); *Hammers v. City of Dallas*, No. 3:13-CV-03659-M-BK, 2015 WL 3948169, at *3 (N.D. Tex. May 13, 2015) (citing *Franka*, 332 S.W.3d at 382 n.68) (recognizing that claims against a government official in her official capacity were the same as asserting the claims against the government itself under Texas law), *adopted by* 2015 WL 3949402 (N.D. Tex. June 29, 2015).

10

The TTCA's limited waiver of governmental immunity for certain tort claims expressly does not apply to claims "arising out of assault, battery, *false imprisonment, or any other intentional tort*." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (emphasis added); *see also Dorward*, 2009 WL 2777880, at *13 (citing *Tex. Dep't of Crim. J.*, 51 S.W.3d at 587); *Swiat v. City of Fort Worth*, No. 4:10-CV-354-A, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011) (considering the scope of § 101.057(2)). Along with Plaintiff's claim for false imprisonment, his claims for intentional infliction of emotional distress, invasion of privacy, malicious prosecution, and tortious interference are all intentional torts under Texas law. *See Humphreys v. City of Ganado, Tex.*, 467 F. App'x 252, 256–57 (5th Cir. 2012) (identifying malicious prosecution as an intentional tort); *T.R. Hoover Cmty. Dev. Corp. v. City of Dallas*, No. 3:06-CV-2148-O, 2009 WL 256000, at *2 (N.D. Tex. Feb. 3, 2009) (identifying tortious interference as an intentional tort); *Jimenez v. Conley Magazine, LLC*, No. SA-06-CA-1013-XR, 2006 WL 3716649, at *2 (W.D. Tex. Dec. 14, 2006) (recognizing that invasion of privacy is an intentional tort); *Jackson v. Sheriff of Ellis Cty.*, 154 F. Supp. 2d 917, 921 (N.D. Tex. 2001) (stating that intentional infliction of emotional distress is an intentional tort). Accordingly, the County has immunity from Plaintiff's intentional tort claims under the TTCA, and his claims against it and the individual Defendants in their official capacities should be dismissed for failure to state a claim. *Thomas*, 294 F. Supp. 3d at 614–15 (finding that intentional tort claims against a county should be dismissed under Rule 12(b)(6) based on the TTCA); *see Hammers*, 2015 WL 3948169, at *3 (recommending dismissal of claims against a government official in her official capacity under the TTCA based on governmental immunity).[7]

---

[7] The County also moves to dismiss Plaintiff's state law tort claims against the individual Defendants based on the election of remedies provision in the TTCA. (doc. 18 at 11-14.) As noted, Plaintiff's claims against the individual Defendants are the same as asserting claims against the County because he sues them only in their official capacities. *See Hammers*, 2015 WL 3948169, at *3 (citing *Franka*, 332 S.W.3d at 382 n.68). To the extent he does seek to assert

11

### b. *Negligent Employment Practices*[8]

The County argues that Plaintiff's claims against it for negligent hiring, supervision, and training should be dismissed "[b]ecause there is no waiver of governmental immunity" for these claims. (doc. 18 at 17-18.)[9]

As noted, the TTCA's limited waiver of immunity allows "'suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Dorward*, 2009 WL 2777880, at *13 (quoting *Miller*, 51 S.W.3d at 587). Negligent hiring, supervision, and training claims "are areas of liability that have not been waived by the TTCA." *Rivera v. City of San Antonio*, No. SA-06-CA-235-XR, 2006 WL 3340908, at *15 (W.D. Tex. Nov. 15, 2006); *Univ. of Tex. Health Sci. Ctr. v. Schroeder*, 190 S.W.3d 102, 106 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("allegations of negligent supervision do not satisfy the limited waiver of immunity contained within the act."); *Campos v. Nueces Cty.*, 162 S.W.3d 778, 787–88 (Tex. App.—Corpus Christi 2005, no pet.) (stating that claims for negligent hiring, training, and supervision cannot be brought under the TTCA); *see also Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580–81 (Tex. 2001) (claims such as negligent training and failure to discipline "involve the misuse or non-use of information and are thus barred by sovereign immunity."). Accordingly, the County has immunity from Plaintiff's claims for negligent employment practices, and these claims should also be dismissed for failure to

---

his state law tort claims against the individual Defendants in their individual capacities, those claims must be dismissed on the County's motion because Plaintiff has made an irrevocable election of remedies by suing the County and is barred from suing the individual Defendants in their individual capacities regarding the same subject matter under the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a), (e); *Thomas*, 294 F. Supp. 3d at 614 (recommending dismissal of claims against governmental employees under the TTCA where the plaintiff also sued their county employer).

[8] Plaintiff specifically alleges negligent hiring, supervision, and training. (doc. 17 at 8.)

[9] Plaintiff only asserts his claims for negligent employment practices against the County. (doc. 17 at 8.)

state a claim. *Rivera*, 2006 WL 3340908, at *15 (dismissing negligent hiring and negligent training claims under Rule 12(b)(6) based on the TTCA).

**C.   Does 1-8**

Plaintiff also sues Does 1-8 in their official capacities. (*See* doc. 17 at 1.)

A court may *sua sponte* dismiss on its own Rule 12(b)(6) motion for failure to state a claim as long as the plaintiff has notice and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). A plaintiff receives notice and an opportunity to respond based on "[t]he fourteen-day time frame for filing objections to a recommended dismissal . . . ." *Fantroy v. First Financial Bank. N.A.*, No. 3:12-CV-0082-N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratcliff v. Coker*, No. 9:08cv127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)), *adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013).

A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n.2 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 F. App'x 717, *3 (5th Cir. 2007) (citing *Colle v. Brazos County*, 981 F.2d 237, 243 n.20 (5th Cir. 1993)); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). Discovery is warranted when

it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 F. App'x 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. 390 n.2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

Plaintiff identifies Does 1-8 as "law enforcement officers, employed either by [the] County and/or Sheriff's Office" of the County, and alleges that Doe 1 "willfully and intentionally imprisoned" him without due process, and that Does 2-8 "willfully with malice, punitively engaged in certain actions, with reckless indifference to the protected rights of Plaintiff" while he was imprisoned. (doc. 17 at 6-7.) He asserts the same claims against the unnamed Doe defendants in their official capacities as he does against the named individual Defendants, and they are subject to dismissal for the same reasons. Specifically, his claims against the unnamed Doe defendants fail because he fails to state a viable federal claim for municipal liability under § 1983, and his state law claims are barred by governmental immunity under the TTCA. Accordingly, his claims against the unnamed Doe defendants should be *sua sponte* dismissed for failure to state a claim.

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro*

14

*se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2–3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff has amended his complaint once and he failed to respond to the motion to dismiss. It appears he has alleged his best case. Furthermore, even if afforded another opportunity to amend, Plaintiff's state law claims are barred by governmental immunity, and it does not appear that he can successfully state a claim under § 1983. Any further opportunity to amend is therefore unwarranted.

## IV. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED**. All of Plaintiff's claims against

Defendants should be **DISMISSED with prejudice** for failure to state a claim, and any remaining claims against the unnamed defendants should be *sua sponte* **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 14th day of June, 2019.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE